No. C-586

**South Park Land and Livestock Company, Inc., a Colorado corporation; Max J. Ruderian; Albert A. Spiegel; Irzin Krauss; S. G. Payte; and Frances E. Green, Public Trustee of the County of Park, State of Colorado v. Hamilton Enterprises, Ltd., a Colorado corporation**

(538 P.2d 444)

Decided July 21, 1975.

Yegge, Hall & Evans, Edward H. Widmann, for petitioners.

James S. Kimmel, Ralph C. Taylor, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The respondent Hamilton Enterprises, Ltd. (Hamilton) sued the petitioner (South Park) in the Park County district court for the balance of fees owing on a surveying contract. The trial court dismissed the complaint, finding that Hamilton had arbitrarily and unreasonably revoked its surveyor's certificate on the entire work performed under the contract and was therefore not entitled to compensation. We granted certiorari to review the decision by the court of appeals which reversed the lower court.

*Hamilton Enterprises, Ltd. v. South Park Land and Livestock Company, Inc.,* 34 Colo. App. 261, 527 P.2d 886 (1974). We reverse.

In August 1971 the respondent Hamilton, an engineering and surveying firm, entered into a contract with South Park to survey and plat a large tract of land. Hamilton filed 23 plats with the county planning commission. Before the plats were recorded, Hamilton was discharged. Hamilton had been paid in part and then filed a mechanic's lien for the unpaid contract balance.

Subsequently the county commissioners required a change on *two* of the plats to show an omitted flood plain. South Park made the alteration without Hamilton's knowledge. When Hamilton discovered the changes it revoked its surveyor's certificate for *all* 23 plats.

Plats must be certified by a licensed engineer or surveyor before they may be filed for public record. Section 12-25-209(3), C.R.S. 1973.[1] Thus Hamilton's revocation rendered all its work totally valueless to the petitioner.

Prior marketing commitments required South Park to retain another firm to survey and plat the land immediately. The second surveyor, which could not rely on the uncertified work of Hamilton, had to completely redo it.

The court of appeals held that

". . . the statutes governing the licensing of surveyors and engineers require that where documents prepared by one licensed under their authority have been changed without the licensee's knowledge or approval before they become of public record, the licensee has an obligation to revoke his certification on them. . . ."

Sections 12-25-202, 12-25-209, 12-25-211, and 38-53-101, C.R.S. 1973.[2]

Under the circumstances of this case we disagree. Such a duty is nowhere mentioned in any of the statutes. Rather, the court of appeals extrapolated the duty by implication from the sections cited *supra.* While we realize that this is a case of first impression so there is no precedent to follow, such a construction does ignore several relevant factors.

Surveyors are licensed to protect the public from unqualified work. Section 12-25-202. The required seal certifies expertise. Section 12-25-209. It also acknowledges the surveyor's responsibility to protect the public for any mistakes or negligence in the survey which bears the seal. Section 12-25-211.

Section 12-25-212 provides express criminal sanctions should a surveyor — or an outsider — violate seal certification. The attorney general and assistants and the district attorney are authorized to prosecute violations or institute proceedings by injunction. Sections 12-25-212 and 12-25-213. Section 38-51-104 contains similar criminal sanctions for a violation

---

[1] Formerly C.R.S. 1963, 51-2-7(3).
[2] Formerly C.R.S. 1963, 51-2-1 and 51-2-7(3); and 1967 Perm. Supp., C.R.S. 1963, 51-2-10 and 136-4-12.

of the minimum standards for land surveys and plats, and similar prosecutorial commands. Thus, there is no need for the judiciary to fashion a remedy when the legislature has already expressly done so. Assuming *arguendo* that the unauthorized change on two plats warranted the self-help sanction of revocation of the certificate as to them, there was no justification to render useless the entire project represented by the 21 remaining plats.

Hamilton had a simple remedy to protect its rights. It had a recorded mechanic's lien for the money owed. Instead of pursuing foreclosure of the lien to conclusion, it destroyed not only the altered plats but all completed work in an apparent peevish and vindictive mood. An admission elicited in the trial revealed this was done as a lever to force payment.

■ While we do not sanction the actions of South Park in altering the two plats without the surveyor's knowledge or permission, under the circumstances we must agree with the trial court that the revocation of the whole of the work product was arbitrary and unreasonable. Since those findings were clearly supported by competent evidence in the record, they should not have been disturbed upon review by the court of appeals.

Judgment is reversed and the cause remanded to reinstate the trial court judgment of dismissal.

MR. JUSTICE ERICKSON does not participate.